IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Damorius D. Gaines, #346524, ) | |
| ) | C/A No. 4:22-cv-0239-MBS |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    Petitioner Damorius D. Gaines is a prisoner in custody of the South Carolina Department of Corrections who currently is housed at Lee Correctional Institution in Bishopville, South Carolina. On January 26, 2022, Petitioner initiated this action by filing pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. The matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

    On September 6, 2018, following a jury trial, Petitioner was found guilty of kidnapping, armed robbery, attempted armed robbery, and possession of a weapon. He was sentenced in Anderson County to a prison term of 20 years suspended to 15 years with 5 years of probation. Petitioner filed a direct appeal and, on June 4, 2020, Petitioner filed an application for Post-Conviction Relief ("PCR") in state court, on the bases of ineffective assistance of counsel and prosecutorial misconduct. On July 8, 2020, the South Carolina Court of Appeals issued the

remittitur dismissing the appeal. As of the date of this order, Petitioner's PCR action remains pending.[1]

On February 3, 2022, the Magistrate Judge issued a Report and Recommendation recommending that the court summarily dismiss the petition. ECF No. 9. The Magistrate Judge reviewed the petition pursuant to the rules governing § 2254 cases, the Antiterrorism and Effective Death Penalty Act of 1955, and other legal precedents, and acknowledged the liberal construction due to pleadings filed by pro se litigants. The Magistrate Judge noted that Petitioner's sole federal remedies are a writ of habeas corpus under either 28 U.S.C. §§ 2254 or 2241, and that Petitioner can seek either remedy only after he has exhausted his state court remedies. ECF No. 9 at 2. The Magistrate Judge found that "Petitioner's PCR appears to be ongoing, as the matter is still pending before the court of common pleas," and thus concluded that "[b]ecause appellate review of the PCR court's decision is necessary to show exhaustion in South Carolina, Petitioner's federal habeas claims are unexhausted and premature at this stage." *Id.* at 3. Accordingly, the Magistrate Judge recommends that the court summarily dismiss the petition. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Petitioner of his right to file an objection to the Report and Recommendation. ECF No. 9 at 5.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315;

---

[1] *See generally* https://publicindex.sccourts.org/Anderson/PublicIndex/.

*Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Petitioner has not filed an objection to the Report and Recommendation and the deadline for doing so has expired. Nevertheless, the court has thoroughly reviewed the record and concurs in the Magistrate Judge's recommendation. The Report and Recommendation, ECF No. 9, is adopted and incorporated herein by reference. The petition is dismissed without prejudice and the Respondent is not required to file a return.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

March 8, 2022
Charleston, South Carolina